UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAYMOND FLANKS** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 23-6897** |
| **CITY OF NEW ORLEANS, ET AL.** | **SECTION: "G"(4)** |

## ORDER

Before the Court is Plaintiff Raymond Flanks and Defendants City of New Orleans, Jason Williams, Anne Kirkpatrick, and John Dillmann's Joint Motion to Vacate Scheduling Order.[1] The parties assert that a continuance of the December 8, 2025 trial date is necessary. The partis argue that a continuance is warranted because the NOPD has been unable to access and search certain microfilm records due to issues with its microfilm machine. The parties contend that they cannot finalize fact discovery until those records are reviewed. Additionally, the parties state one of Plaintiff's attorneys recently experienced an unexpected illness, causing several depositions to be rescheduled. The parties submit they will not be able to finalize their expert reports until the depositions are complete.

Federal district courts have the inherent power to enforce their scheduling orders,[2] and Federal Rule of Civil Procedure 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[3] Whether to grant or deny a continuance is within the

---

[1] Rec. Doc. 47.

[2] *See Flaska v. Little River Marine Const. Co.*, 389 F.2d 885, 886 & n.3 (5th Cir. 1968) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)).

[3] Fed. R. Civ. P. 16(b)(4).

1

sound discretion of the trial court.[4] In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's."[5]

The Court finds that the parties has not established good cause for a continuance of the trial date in this matter. The Court previously continued the trial from June 2, 2025 to December 8, 2025 to allow time for the completion of discovery. Another continuance of the trial date is not warranted. However, considering the difficulties the parties have encountered in completing of discovery, the Court will extend the discovery deadline, expert report deadline, and the deadline for submission of *Daubert* motions. Accordingly,

**IT IS HEREBY ORDERED** that the parties' Joint Motion to Vacate Scheduling Order[6] is **DENIED.**

**IT IS FURTHER ORDERED** that the July 28, 2025 deadline for Plaintiff to disclose expert reports is continued to August 29, 2025. The August 25, 2025 deadline for Defendants to disclose expert reports is continued to September 30, 2025. The September 19, 2025 discovery deadline is continued to October 17, 2025. The October 15, 2025 deadline for submission of *Daubert* motions is continued to October 29, 2025.

**NEW ORLEANS, LOUISIANA**, this 30th day of July, 2025.

*[signature: Nannette Jolivette Brown]*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[4] *United States v. Alix*, 86 F.3d 429, 434 (5th Cir.1996).

[5] *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (internal citations omitted).

[6] Rec. Doc. 47.