**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| RAYMOND FLANKS, | Civil Action No. 23-06897 |
| *Plaintiff*, | |
| | Section G |
| v. | Chief Judge Nannette Jolivette Brown |
| THE CITY OF NEW ORLEANS, *et al.*, | Division 4 |
| *Defendants*. | Magistrate Judge Karen Wells Roby |

**MOTION FOR SUMMARY JUDGMENT BY OPDA**

Defendant Jason R. Williams, in his official capacity as Orleans Parish District Attorney ("OPDA"), respectfully moves for summary judgment under Federal Rule of Civil Procedure 56 on Plaintiff Raymond Flanks's claims against OPDA.

Raymond Flanks claims that he was wrongfully convicted of murder because the State suppressed evidence that would have demonstrated his innocence. He further alleges that OPDA maintained an unconstitutional policy of suppressing exculpatory evidence, which caused the alleged suppression of evidence in his case. He therefore seeks an award of damages against OPDA under 42 U.S.C. § 1983, based on his allegedly wrongful conviction and imprisonment. But all of these claims are false, and Mr. Flanks cannot produce evidence that would lead a rational jury to find in his favor.

As explained further in the accompanying memorandum in support, OPDA does not presently seek summary judgment on the question of whether there was a *Brady* violation in Mr. Flanks's case. But even if Mr. Flanks could prove that his constitutional rights were violated by suppression of evidence that caused him to be convicted when he otherwise would have been acquitted, his claims against OPDA would still fail because the alleged suppression was not

1

directly caused by an official OPDA policy. Mr. Flanks cannot prove that OPDA's policymaker, District Attorney Harry Connick, adopted or implemented a facially unconstitutional official policy causing suppression of exculpatory evidence. Nor can he prove that Mr. Connick acted with deliberate indifference despite notice of a pervasive practice or custom in his office, or a defect in the office's policies, that was causing repeated *Brady* violations.

Mr. Flanks alleges that there is a "pattern" of several dozen confirmed *Brady* violations in other Orleans Parish cases over several decades. But he cannot produce competent summary judgment evidence demonstrating any significant pattern of similar *Brady* violations that Mr. Connick was aware of before 1985 (the date of Mr. Flanks's conviction). And even the alleged (*i.e.*, unproven) number of *Brady* violations is miniscule compared to the number of cases prosecuted in Orleans Parish—one in thousands, as explained in the opinion of an expert statistician attached to this motion. No reasonable jury could rely on such evidence to conclude that OPDA had an unconstitutional official policy or that Mr. Connick was deliberately indifferent to an obvious need for different policies or training concerning *Brady* disclosures.

And even if Mr. Flanks could prove that (1) there was a *Brady* violation in his case, and (2) OPDA's policies, training, or supervision regarding *Brady* disclosures were constitutionally defective in some way, his claims against OPDA would still fail because there is no evidence connecting the two things. In other words, Mr. Flanks cannot prove the "moving force" causation element by showing that the alleged *Brady* violation in his case was caused by the alleged policy defects. There is no evidence that any of the prosecutors who handled Mr. Flanks's case were following any specific policy causing suppression of exculpatory evidence—much less a policy that was intended to prevent disclosure of exculpatory evidence. Nor is there any evidence that

2

they were trained or instructed in ways that caused them to misunderstand their *Brady* obligations or otherwise fail to comply with them.

Over more than three decades, various plaintiffs have alleged, like Mr. Flanks, that OPDA under former District Attorney Harry Connick maintained unconstitutional policies concerning *Brady* disclosures. These allegations have been rejected multiple times and have never been substantiated in any final judgment. Because Mr. Flanks cannot come forward with competent evidence that could lead a reasonable jury to find in his favor on all elements of his claims, OPDA is once against entitled to judgment in its favor as a matter of law.

Respectfully submitted,

*/s/ Matthew J. Paul*
W. Raley Alford, III, 27354
Matthew J. Paul, 37004
Inga C. Petrovich, 31284
STANLEY REUTER ALFORD
  OWEN MUNSON & PAUL, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: (504) 523-1580
Facsimile:  (504) 524-0069
wra@stanleyreuter.com
mjp@stanleyreuter.com
icp@stanleyreuter.com

*Counsel for Jason R. Williams (in his official capacity as Orleans Parish District Attorney)*

3