UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RAYMOND FLANKS**                                      **CIVIL ACTION**

**VERSUS**                                              **NO. 23-6897**

**THE CITY OF NEW ORLEANS et al.**                      **SECTION: "G"(4)**

**ORDER AND REASONS**

This litigation arises from Plaintiff Raymond Flanks's ("Plaintiff") wrongful conviction for first-degree murder in 1985. Plaintiff names as Defendants the City of New Orleans; Jason Williams, in his official capacity as Orleans Parish District Attorney; and John Dillmann, in his individual capacity (collectively, "Defendants").[1] Plaintiff alleges the Orleans Parish District Attorney's Office ("OPDA") secured his wrongful conviction in violation of his constitutional rights by withholding material exculpatory evidence in violation of OPDA's obligations under *Brady v. Maryland*.[2]

Before the Court is Plaintiff's Motion in Limine to Exclude Evidence of Third-Party Responsibility and Limit Opinion Testimony.[3] Defendants oppose the motion.[4] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court grants the motion in part and denies it in part. The motion is granted to the extent it seeks to exclude opinion testimony regarding Plaintiff's guilt, opinion testimony regarding the mental impressions

---

[1] *See* Rec. Doc. 27. The Court dismissed Plaintiff's claims against Anne Kirkpatrick and John/Jane Does #1-20.

[2] *Id.* at 4–5. *See Brady v. Maryland*, 373 U.S. 83 (1963).

[3] Rec. Doc. 130.

[4] Rec. Doc. 152.

1

about what the trial judge considered in rulings or what the jury considered when it convicted Plaintiff, and opinion testimony regarding the ultimate legal conclusion of whether a *Brady* violation occurred. The motion is denied in all other respects.

## I. Background

On November 16, 2023, Plaintiff filed a Complaint against Defendants in this Court for alleged violations of his constitutional rights under 42 U.S.C. § 1983 and alleged violations of state law.[5] On June 4, 2024, Plaintiff filed an Amended Complaint.[6] This matter is set for trial on January 12, 2026. This case is related to Plaintiff's alleged wrongful conviction in May 1985 for the first-degree murder of Martin Carnesi.

In May 1985, a jury found Plaintiff guilty of first-degree murder in the death of Martin Carnesi, and Plaintiff was sentenced to life in prison.[7] Nearly 37 years later, on November 17, 2022, Plaintiff's first-degree murder conviction was vacated.[8] At the November 17, 2022 exoneration hearing, the "OPDA stated that 'the State agrees that Mr. Flank's [sic] conviction was obtained in violation of *Brady v. Maryland*' because 'the State failed to disclose … materials [that] are favorable, and under circumstances of the State's case against Mr. Flank[s], material.'"[9]

---

[5] Rec. Doc. 1.

[6] Rec. Doc. 27.

[7] Rec. Doc. 27 at 12–13.

[8] *Id.* at 14.

[9] *Id.*

On November 26, 2025, Plaintiff filed the instant Motion in Limine to Exclude Evidence of Third-Party Responsibility and Limit Opinion Testimony.[10] On December 1, 2025, Defendants filed an opposition to the motion.[11]

## II. Parties' Arguments

### A.  *Plaintiff's Arguments in Support of the Motion*

Plaintiff contends that Defendants have signaled their intention to seek to avoid responsibility for the wrongful conviction by shifting blame to others.[12] According to Plaintiff, Defendants have also indicated they may seek to elicit improper opinion testimony, in particular from the former prosecutors who tried Plaintiff's criminal case or were in leadership at OPDA at the time.[13] Specifically, Plaintiff asserts that Defendants will argue that the original criminal defense attorney, Clyde Merritt, was ineffective or suggesting that his representation contributed to Plaintiff's wrongful conviction.[14] Plaintiff contends that federal courts have repeatedly recognized ineffective assistance of counsel is not a legally cognizable defense to wrongful conviction claims.[15] While Defendants may argue that they disclosed the exculpatory evidence prior to trial in order to defend against the *Brady* claim, Plaintiff asserts they cannot argue that Mr. Merritt—who passed away in 2012 and is now unavailable to testify— was mainly or partially responsible for the conviction due to his choices about what to use at trial.[16]

---

[10] Rec. Doc. 130.

[11] Rec. Doc. 152.

[12] Rec. Doc. 130-1 at 1.

[13] *Id.*

[14] *Id.* at 2.

[15] *Id.* at 4.

[16] *Id.* at 3.

Although Defendants have not forecast any evidence that the actions of other third parties (like the trial judge or grand jury court reporter) contributed to the wrongful conviction, even if they could identify some, Plaintiff contends that Defendants should also be precluded from introducing such evidence or argument for the same reasons.[17] Plaintiff asserts that he need only prove that Defendants' violation of his *Brady* rights was a cause in fact and proximate cause of his wrongful conviction and resulting injuries—not that it was the only cause.[18] Therefore, even if some third-party played a part in the conviction, Plaintiff submits it would not relieve Defendants of liability for the harm caused by their misconduct.[19] For these reasons, Plaintiff argues evidence or argument that the actions of third parties contributed to cause the wrongful conviction is irrelevant and inadmissible.[20]

Plaintiff also argues that the Court should exclude improper opinion testimony including: (1) opinions of Plaintiff's guilt; (2) opinions about the legal significance of prior proceedings, including mental impressions about what the trial judge considered in rulings or what the jury considered when it convicted Plaintiff; (3) opinions about whether information was or was not favorable under *Brady* and/or "material"; and (4) opinions about the credibility of other witnesses.[21] Plaintiff asserts such opinion testimony would violate Federal Rules of Evidence 701 and 702 because it constitutes legal conclusions and credibility determinations.[22] Additionally, Plaintiff contends witness testimony concerning the credibility of other fact witnesses invades the

---

[17] *Id.*

[18] *Id.*

[19] *Id.* at 4.

[20] *Id.* at 5.

[21] *Id.* at 6.

[22] *Id.* at 7.

4

providence of the jury.[23] Finally, Plaintiff asserts such testimony is more prejudicial than probative.[24]

### B.   *Defendants' Arguments in Opposition to Motion*

In opposition, Defendants contend that evidence of third-party responsibility is relevant to Plaintiff's state law negligence claims against the City Defendants, because Louisiana's comparative fault rules apply to the negligence claims.[25] Even if there were no issues of comparative fault or intervening or superseding causes in the case, Defendants argue much of the evidence that would be relevant to those issues is also relevant to actual and proximate causation.[26] For example, Defendants contend the questions of how trial counsel might have used certain evidence, and the effect that might have had on the outcome of the trial, are indisputably relevant in assessing the materiality of the alleged *Brady* evidence and whether suppression actually and proximately caused Plaintiff to be convicted when he otherwise would not have been.[27]

With respect to opinion testimony, Defendants submit they do not intend to ask any witness to offer an opinion that Plaintiff is guilty of any crime.[28] Defendants also agree that no witness should testify to legal conclusions or instruct the jury on the law.[29] Defendants do not plan to ask any witness to offer opinion testimony on what the jury considered when it convicted Plaintiff or

---

[23] *Id.*

[24] *Id.* at 8.

[25] Rec. Doc. 152 at 2.

[26] *Id.* at 3.

[27] *Id.*

[28] *Id.* at 4.

[29] *Id.* at 5.

why the trial judge made any particular ruling.[30] However, Defendants assert that opinions about whether information was favorable or material is relevant.[31] Defendants argue that the prosecutors must be allowed to explain their actions in full, including their assessment of whether evidence was favorable and material, and therefore required to be disclosed.[32] Finally, Defendants submit that Plaintiff's request to prohibit "opinions about the credibility of other witnesses" is vague and should be deferred until trial.[33]

### III. Legal Standard

*A.  Relevancy and Prejudice of Evidence*

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Under Federal Rule of Evidence 402, relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence or other rules prescribed by the Supreme Court provide otherwise. Pursuant to Federal Rule of Evidence 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]"[34] "Relevant evidence is inherently prejudicial; but it is only unfair prejudice,

---

[30] *Id.*

[31] *Id.*

[32] *Id.*

[33] *Id.* at 6.

[34] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

6

substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403."[35]

B.  *Lay Opinion and Expert Opinion Testimony*

The Federal Rules of Evidence divide opinion testimony into two categories: lay opinion and expert opinion testimony. Pursuant to Federal Rule of Evidence 701, when a witness is not testifying as an expert, testimony in the form of an opinion is limited to an opinion that is:

> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.[36]

Pursuant to Federal Rule of Evidence 702, a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.[37]

## IV. Analysis

Plaintiff seeks to exclude "any evidence or argument that the actions of third parties contributed to cause [his] wrongful conviction."[38] He argues that such evidence is irrelevant and prejudicial because, if he "proves Defendants proximately caused his wrongful conviction,

---

[35] *Id.* at 1115–16 (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir.), *cert. denied*, 444 U.S. 862 (1979)).

[36] Fed. R. Evid. 701.

[37] Fed. R. Evid. 702.

[38] Rec. Doc. 130-1 at 5.

7

Defendants will be jointly and severally liable for the entire judgment regardless of whether any third party . . . also contributed to [his] wrongful conviction."[39]

Plaintiff's argument is based exclusively on jurisprudence concerning Section 1983 claims. However, Plaintiff also brings negligence claims under Louisiana law against the City Defendants. Louisiana Civil Code article 2323(A) provides:

> In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, immunity by statute, . . . or that the other person's identity is not known or reasonably ascertainable.

The comparative fault doctrine applies "to any claim for recovery of damages for injury, death, or loss asserted under any law or legal doctrine or theory of liability, regardless of the basis of liability."[40] Therefore, evidence concerning the alleged fault of any other party who may have contributed to Plaintiff's conviction is relevant to the negligence claim.

Additionally, with respect to the Section 1983 claims, testimony regarding how trial counsel might have used certain evidence and the effect that might have had on the outcome of the trial is relevant in assessing the materiality of the alleged *Brady* evidence and whether suppression proximately caused Plaintiff's conviction. Plaintiff has not shown that the probative value of this evidence is substantially outweighed by a danger of unfair prejudice.

Plaintiff also argues that the Court should exclude improper opinion testimony including: (1) opinions of Plaintiff's guilt; (2) opinions about the legal significance of prior proceedings, including mental impressions about what the trial judge considered in rulings or what the jury

---

[39] *Id.*

[40] La. Civ. Code art. 2323(B).

8

considered when it convicted Plaintiff; (3) opinions about whether information was or was not favorable under *Brady* and/or "material"; and (4) opinions about the credibility of other witnesses.[41] Defendants respond that they do not intend to offer opinion testimony on Plaintiff's guilt or opinions about what the trial judge considered in rulings or what the jury considered when it convicted Plaintiff.[42] Therefore, the Court will exclude such evidence.

The other requests by Plaintiff are overly broad. The Court agrees that former prosecutors cannot offer legal conclusion testimony regarding whether a *Brady* violation occurred, as this is an ultimate issue that will be submitted to the jury, with the Court providing instructions on the law. Nevertheless, the reasons why the prosecutors who handled Plaintiff's criminal case believed evidence was or was not favorable and material is relevant to Plaintiff's claim that the alleged *Brady* violation was caused by a failure to train. Therefore, while the prosecutors may testify to their reasoning for withholding the evidence, they may not offer opinion testimony on the ultimate legal conclusion of whether a *Brady* violation occurred.

Accordingly,

**IT IS HEREBY ORDERED** that Motion in Limine to Exclude Evidence of Third-Party Responsibility and Limit Opinion Testimony[43] is **GRANTED IN PART AND DENIED IN PART.** The motion is **GRANTED** to the extent it seeks to exclude opinion testimony regarding Plaintiff's guilt, opinion testimony regarding the mental impressions about what the trial judge considered in rulings or what the jury considered when it convicted Plaintiff, and opinion

---

[41] Rec. Doc. 130-1 at 6.

[42] Rec. Doc. 152 at 4–5.

[43] Rec. Doc. 130.

testimony regarding the ultimate legal conclusion of whether a *Brady* violation occurred. The motion is **DENIED** in all other respects.

      **NEW ORLEANS, LOUISIANA**, this  30th day of December, 2025.

                                        **NANNETTE JOLIVETTE BROWN**
                                        **UNITED STATES DISTRICT JUDGE**