UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAYMOND FLANKS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-6897** |
| **THE CITY OF NEW ORLEANS et al.** | **SECTION: "G"(4)** |

## ORDER AND REASONS

This litigation arises from Plaintiff Raymond Flanks's ("Plaintiff") wrongful conviction for first-degree murder in 1985. Plaintiff names as Defendants the City of New Orleans; Jason Williams, in his official capacity as Orleans Parish District Attorney; and John Dillmann, in his individual capacity (collectively, "Defendants").[1] Plaintiff alleges the Orleans Parish District Attorney's Office ("OPDA") secured his wrongful conviction in violation of his constitutional rights by withholding material exculpatory evidence in violation of OPDA's obligations under *Brady v. Maryland*.[2]

Before the Court is Plaintiff's Motion in Limine to Preclude Defendants from Offering Testimony or Evidence Contrary to the Testimony They Gave Pursuant to Federal Rule of Civil Procedure 30(b)(6) Without Prior Notification to the Court and Counsel and an Opportunity for Argument.[3] Defendants oppose the motion.[4] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court grants the motion in part and

---

[1] *See* Rec. Doc. 27. The Court dismissed Plaintiff's claims against Anne Kirkpatrick and John/Jane Does #1-20.

[2] *Id.* at 4–5. *See Brady v. Maryland*, 373 U.S. 83 (1963).

[3] Rec. Doc. 131.

[4] Rec. Doc. 148.

1

denies the motion in part. Defendants should provide Plaintiff with notice of any of the evidence or testimony they may present at trial that is inconsistent with any of the testimony given by their designated Rule 30(b)(6) witnesses. If Defendants are not able to determine inconsistencies before a witness actually testifies, Plaintiff may seek to impeach that witness with prior deposition testimony.

## I. Background

On November 16, 2023, Plaintiff filed a Complaint against Defendants in this Court for alleged violations of his constitutional rights under 42 U.S.C. § 1983 and alleged violations of state law.[5] On June 4, 2024, Plaintiff filed an Amended Complaint.[6] This matter is set for trial on January 12, 2026. This case is related to Plaintiff's alleged wrongful conviction in May 1985 for the first-degree murder of Martin Carnesi.

In May 1985, a jury found Plaintiff guilty of first-degree murder in the death of Martin Carnesi, and Plaintiff was sentenced to life in prison.[7] Nearly 37 years later, on November 17, 2022, Plaintiff's first-degree murder conviction was vacated.[8] At the November 17, 2022 exoneration hearing, the "OPDA stated that 'the State agrees that Mr. Flank's [sic] conviction was obtained in violation of *Brady v. Maryland*' because 'the State failed to disclose … materials [that] are favorable, and under circumstances of the State's case against Mr. Flank[s], material.'"[9]

---

[5] Rec. Doc. 1.

[6] Rec. Doc. 27.

[7] Rec. Doc. 27 at 12–13.

[8] *Id.* at 14.

[9] *Id.*

On November 26, 2025, Plaintiff filed the instant Motion in Limine.[10] On December 1, 2025, Defendants filed an opposition to the motion.[11]

## II. Parties' Arguments

### A.   *Plaintiff's Arguments in Support of the Motion*

Plaintiff contends that OPDA has "already attempted to alter some of its Rule 30(b)(6) testimony."[12] Plaintiff asserts that neither OPDA nor NOPD should be permitted to circumvent its obligations to adequately prepare Rule 30(b)(6) designees, and avoid potential sanctions, by attempting at trial to "clean up" or alter anything to which OPDA or NOPD testified through their designees.[13] According to Plaintiff, permitting OPDA or NOPD to change its testimony at this stage would allow trial by surprise.[14] Therefore, Plaintiff argues that Defendants should be prohibited from "offering testimony or evidence contrary to the testimony they gave pursuant to Federal Rule of Civil Procedure 30(b)(6) without prior notification to the Court and counsel and an opportunity for argument."[15]

### B.   *Defendants' Arguments in Opposition to Motion*

Defendants assert that this motion is premised on a misunderstanding of the nature and purpose of Rule 30(b)(6) testimony.[16] Although the testimony of a corporate representative under Rule 30(b)(6) is binding on the corporation, Defendants assert such testimony does not constitute

---

[10] Rec. Doc. 131.

[11] Rec. Doc. 148.

[12] Rec. Doc. 131-1 at 1.

[13] *Id.* at 4.

[14] *Id.*

[15] *Id.* at 5.

[16] Rec. Doc. 148 at 2.

3

a judicial admission that decides an issue with finality or estops a party from contradicting the testimony of an earlier corporate representative.[17] Defendants assert that the rules do not require them to determine, in advance, whether any of the evidence or testimony they may present at trial is inconsistent with any of the testimony given by their designated Rule 30(b)(6) witnesses.[18] Defendants submit that the remedy for any inconsistent testimony is impeachment through prior deposition testimony.[19]

### III. Law and Analysis

Federal Rule of Civil Procedure 30(b)(6) provides that when a party notices a corporation or governmental agency for a deposition, the corporation must "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." In the notice of deposition, the discovering party must "describe with reasonable particularity the matters for examination."[20] In response,"[t]he persons designated must testify about information known or reasonably available to the organization."[21] The Fifth Circuit has explained that the purpose of Rule 30(b)(6) is to streamline the discovery process.[22]

Statements by corporate designees under Rule 30(b)(6) are binding on a corporate party because the corporation, by making the designation, "represents that the employee has authority

---

[17] *Id.* (citing *Johnson v. Big Lots Stores, Inc.*, No. 04-cv-3201, 2008 WL 6928161, at *3 (E.D. La. May 2, 2008)).

[18] *Id.*

[19] *Id.* at 3.

[20] Fed. R. Civ. P. 30(b)(6).

[21] *Id.*

[22] *See Resolution Trust Corp. v. Southern Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993).

to speak on behalf of the corporation."[23] "Although the testimony of a corporate representative under Rule 30(b)(6) is binding on the corporation, such testimony does not constitute a 'judicial admission' that decides an issue with finality or estops a party from contradicting the testimony of an earlier corporate representative."[24] "Consistent with the view that Rule 30(b)(6) helps to make a corporate party more like an individual by requiring the designation of someone who can speak on the corporation's behalf, a corporation is subject to the same opportunity to revise its designee's earlier testimony as an individual."[25] If a corporate party offers trial testimony that is inconsistent with prior deposition testimony, the remedy is impeachment based on that prior inconsistent statement.[26] It will then be the jury's duty to evaluate the inconsistency and make any ultimate factual determinations.

Defendants should provide Plaintiff with notice of any of the evidence or testimony they may present at trial that is inconsistent with any of the testimony given by their designated Rule 30(b)(6) witnesses. If Defendants are not able to determine inconsistencies before a witness actually testifies, Plaintiff may seek to impeach that witness with prior deposition testimony. The jury will then make any credibility determinations. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine to Preclude Defendants from Offering Testimony or Evidence Contrary to the Testimony They Gave Pursuant to Federal

---

[23] *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006).

[24] *Johnson v. Big Lots Stores, Inc.*, No. 04-3201, 2008 WL 6928161, at *3 (E.D. La. May 2, 2008) (collecting cases).

[25] *Id.* at *4.

[26] *Id. See also Union Pump Co. v. Centrifugal Technology Inc.*, 404 F. App'x 899, at *7 (5th Cir. 2010) ("Federal Rule of Civil Procedure 30(b)(6) allows corporate representatives to testify to matters within the corporation's knowledge during deposition, and Rule 32(a)(3) permits an adverse party to use that deposition testimony during trial.").

Rule of Civil Procedure 30(b)(6) Without Prior Notification to the Court and Counsel and an Opportunity for Argument[27] is **GRANTED IN PART AND DENIED IN PART**. Defendants should provide Plaintiff with notice of any of the evidence or testimony they may present at trial that is inconsistent with any of the testimony given by their designated Rule 30(b)(6) witnesses. If Defendants are not able to determine inconsistencies before a witness actually testifies, Plaintiff may seek to impeach that witness with prior deposition testimony.

**NEW ORLEANS, LOUISIANA**, this 30th day of December, 2025.

          **NANNETTE JOLIVETTE BROWN**
          **UNITED STATES DISTRICT JUDGE**

---

[27] Rec. Doc. 131.