UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAYMOND FLANKS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-6897** |
| **THE CITY OF NEW ORLEANS et al.** | **SECTION: "G"(4)** |

### ORDER AND REASONS

This litigation arises from Plaintiff Raymond Flanks's ("Plaintiff") wrongful conviction for first-degree murder in 1985. Plaintiff names as Defendants the City of New Orleans; Jason Williams, in his official capacity as Orleans Parish District Attorney; and John Dillmann, in his individual capacity (collectively, "Defendants").[1] Plaintiff alleges the Orleans Parish District Attorney's Office ("OPDA") secured his wrongful conviction in violation of his constitutional rights by withholding material exculpatory evidence in violation of OPDA's obligations under *Brady v. Maryland*.[2]

Before the Court is Plaintiff's Motion in Limine to Preclude Defendants from Making Arguments Contrary to Law.[3] Defendants oppose the motion.[4] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court denies the motion. Plaintiff's request is overly broad. If Plaintiff has specific objections to legal arguments made by Defendants at trial, they may be raised at that time. However, Plaintiff has not shown a

---

[1] *See* Rec. Doc. 27. The Court dismissed Plaintiff's claims against Anne Kirkpatrick and John/Jane Does #1-20.

[2] *Id.* at 4–5. *See Brady v. Maryland*, 373 U.S. 83 (1963).

[3] Rec. Doc. 134.

[4] Rec. Docs. 149, 153.

1

valid basis for prematurely limiting the arguments Defendants may make at trial. Of course, to the extent issues arise regarding relevancy of evidence or the applicable legal standard to be applied, those issues will be decided by the Court. Moreover, regarding any issues of law actually previously decided by the Court, Defendants should honor and not continue to assert their interpretations.

## I. Background

On November 16, 2023, Plaintiff filed a Complaint against Defendants in this Court for alleged violations of his constitutional rights under 42 U.S.C. § 1983 and alleged violations of state law.[5] On June 4, 2024, Plaintiff filed an Amended Complaint.[6] This matter is set for trial on January 12, 2026. This case is related to Plaintiff's alleged wrongful conviction in May 1985 for the first-degree murder of Martin Carnesi.

In May 1985, a jury found Plaintiff guilty of first-degree murder in the death of Martin Carnesi, and Plaintiff was sentenced to life in prison.[7] Nearly 37 years later, on November 17, 2022, Plaintiff's first-degree murder conviction was vacated.[8] At the November 17, 2022 exoneration hearing, the "OPDA stated that 'the State agrees that Mr. Flank's [sic] conviction was obtained in violation of *Brady v. Maryland*' because 'the State failed to disclose … materials [that] are favorable, and under circumstances of the State's case against Mr. Flank[s], material.'"[9]

---

[5] Rec. Doc. 1.

[6] Rec. Doc. 27.

[7] Rec. Doc. 27 at 12–13.

[8] *Id.* at 14.

[9] *Id.*

On November 26, 2025, Plaintiff filed the instant Motion in Limine to Preclude Defendants from Making Arguments Contrary to Law.[10] On December 1, 2025, Williams filed an opposition to the motion.[11] On December 1, 2025, the City, Kirkpatrick, and Dillmann (collectively, the "City Defendants") also filed an opposition to the motion.[12]

## II. Parties' Arguments

### A.    *Plaintiff's Arguments in Support of the Motion*

Plaintiff contends that Defendants have asserted several legal positions that are contrary to law.[13] Although it is the Court's role to instruct the jury on the law, Plaintiff submits that Defendants should not be permitted to make arguments that incorrectly state the law and the Court's prior rulings, because any such argument would be improper and prejudicial.[14]

Specifically, with respect to Plaintiff's claims based on OPDA's alleged unconstitutional custom and practice of violating its Fourteenth Amendment disclosure obligations, Plaintiff contends OPDA should be precluded from arguing that former District Attorney Harry Connick did not know about the unconstitutional practice and/or custom in his office and that constitutional violations would flow from them.[15] Plaintiff also asserts that Defendants should be precluded from arguing that Plaintiff must prove the policymaker was deliberately indifferent to a custom or practice of withholding evidence.[16] Finally, Plaintiff submits that OPDA should be precluded from

---

[10] Rec. Doc. 134.

[11] Rec. Doc. 149.

[12] Rec. Doc. 153.

[13] Rec. Doc. 130-1 at 1.

[14] *Id.*

[15] *Id.* at 3.

[16] *Id.* at 4.

arguing that *Brady* violations that occurred after Plaintiff's conviction are irrelevant to the *Monell* claim.[17]

### B.    *Williams's Arguments in Opposition to Motion*

In opposition, Williams submits that nothing in the Court's ruling on summary judgment would prohibit OPDA from arguing that Connick was not aware of some or all of those alleged incidents of *Brady* violations.[18] With respect to Plaintiff's argument that OPDA should be precluded from arguing that *Brady* violations occurring after Plaintiff's conviction are irrelevant to the *Monell* claim, Williams acknowledges that relevancy is a question for the Court.[19] However, he asserts that OPDA should be able to argue that this evidence is unpersuasive.[20] Finally, with respect to deliberate indifference, Williams acknowledges that the Court will instruct the jury on the law, but he asserts that OPDA should be allowed to argue that Connick was insistent on providing due process and protecting the rights of criminal defendants and never acted with disregard of those rights.[21]

### C.    *The City Defendants' Arguments in Opposition to the Motion*

According to the City Defendants, Plaintiff's motion is entirely speculative as it would apply to them.[22] If Plaintiff has specific objections to legal arguments made by the City Defendants

---

[17] *Id.*

[18] Rec. Doc. 149 at 3.

[19] *Id.*

[20] *Id.*

[21] *Id.* at 4.

[22] Rec. Doc. 153 at 1.

4

at trial, they may be raised at that time.[23] However, the City Defendants assert there is no valid basis for prematurely limiting the arguments City Defendants may make at trial.[24]

### III. Legal Standard

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Under Federal Rule of Evidence 402, relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence or other rules prescribed by the Supreme Court provide otherwise. Pursuant to Federal Rule of Evidence 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]"[25] "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403."[26]

### IV. Analysis

Plaintiff contends that Defendants have asserted several legal positions that are contrary to law.[27] Specifically, Plaintiff contends that Defendants should be precluded from arguing that: (1)

---

[23] *Id.*

[24] *Id.*

[25] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[26] *Id.* at 1115–16 (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir.), *cert. denied*, 444 U.S. 862 (1979)).

[27] Rec. Doc. 130-1 at 1.

Connick did not know about the unconstitutional practice and/or custom in his office; (2) Plaintiff must prove the policymaker was deliberately indifferent to a custom or practice of withholding evidence; and (3) the *Brady* violations that occurred after Plaintiff's conviction are irrelevant to the *Monell* claim.[28]

Plaintiff's request is overly broad. The Court did not grant summary judgment in Plaintiff's favor on the issue of whether Connick had notice about the unconstitutional practice and/or custom in his office. The Court simply found material facts in dispute on this issue. While the Court acknowledged that deliberate indifference is not required when the alleged custom or practice is itself unconstitutional, deliberate indifference is a required showing on Plaintiff's failure to train claim. Finally, the Court found that *Brady* violations occurring after Plaintiff's conviction are relevant, but that would not preclude Defendants from arguing that this evidence is unpersuasive.

If Plaintiff has specific objections to legal arguments made by Defendants at trial, they may be raised at that time. However, Plaintiff has not shown a valid basis for prematurely limiting the arguments Defendants may make at trial. Of course, to the extent issues arise regarding relevancy of evidence or the applicable legal standard to be applied, those issues will be decided by the Court. Moreover, regarding any issues of law actually previously decided by the Court, Defendants should honor and not continue to assert their interpretations.

Accordingly,

---

[28] *Id.* at 3–5.

**IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine to Preclude Defendants from Making Arguments Contrary to Law[29] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 30th day of December, 2025.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[29] Rec. Doc. 134.