UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RAYMOND FLANKS                                    CIVIL ACTION

VERSUS                                            NO. 23-6897

THE CITY OF NEW ORLEANS et al.                    SECTION: "G"(4)

<u>**ORDER AND REASONS**</u>

This litigation arises from Plaintiff Raymond Flanks's ("Plaintiff") wrongful conviction for first-degree murder in 1985. Plaintiff brings claims against Defendant Jason Williams, in his official capacity as Orleans Parish District Attorney.[1] Plaintiff alleges the Orleans Parish District Attorney's Office ("OPDA") secured his wrongful conviction in violation of his constitutional rights by withholding material exculpatory evidence in violation of OPDA's obligations under *Brady v. Maryland*.[2]

Before the Court is Defendants' Renewed Motion to Exclude Expert Testimony of Brandy Bradley ("Bradley").[3] Bradley is a vocational evaluator retained by Plaintiff to estimate the earnings he lost while incarcerated. On December 1, 2025, the Court issued an Order denying Defendants' original motion to exclude Bradley's testimony.[4] However, the Court ordered that on or before December 5, 2025, Bradley shall amend the report to reduce the lost wages/benefits

---

[1] *See* Rec. Doc. 27. All of the claims against the City of New Orleans, Anne Kirkpatrick, John Dillmann and John/Jane Does #1-20 have been dismissed by the Court on summary judgment or in Plaintiff's stipulation of dismissal. *See* Rec. Docs. 161, 175, 202.

[2] Rec. Doc. 27 at 4–5. *See Brady v. Maryland*, 373 U.S. 83 (1963).

[3] Rec. Doc. 159.

[4] Rec. Doc. 143.

numbers to account for expenses that Plaintiff would have sustained had he been out of prison.[5] Defendants now argue that Bradley's testimony should be excluded because she has failed to comply with that Order.[6] Plaintiff opposes the motion.[7] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

On November 16, 2023, Plaintiff filed a Complaint against Defendants in this Court for alleged violations of his constitutional rights under 42 U.S.C. § 1983 and alleged violations of state law.[8] On June 4, 2024, Plaintiff filed an Amended Complaint.[9] This matter is set for trial on January 12, 2026. This case is related to Plaintiff's alleged wrongful conviction in May 1985 for the first-degree murder of Martin Carnesi.

In May 1985, a jury found Plaintiff guilty of first-degree murder in the death of Martin Carnesi, and Plaintiff was sentenced to life in prison.[10] Nearly 37 years later, on November 17, 2022, Plaintiff's first-degree murder conviction was vacated.[11] At the November 17, 2022 exoneration hearing, the "OPDA stated that 'the State agrees that Mr. Flank's [sic] conviction was

---

[5] *Id.* at 15.

[6] Rec. Doc. 159.

[7] Rec. Doc. 162.

[8] Rec. Doc. 1.

[9] Rec. Doc. 27.

[10] Rec. Doc. 27 at 12–13.

[11] *Id.* at 14.

obtained in violation of *Brady v. Maryland*' because 'the State failed to disclose … materials [that] are favorable, and under circumstances of the State's case against Mr. Flank[s], material.'"[12]

Plaintiff retained Brandy Bradley, a licensed rehabilitation counselor and certified vocational evaluator, to testify regarding Plaintiff's lost wages while he was incarcerated. On December 1, 2025, the Court issued an Order denying Defendants' original motion to exclude Bradley's testimony.[13] However, the Court ordered that on or before December 5, 2025, Bradley shall amend the report to reduce the lost wages/benefits numbers to account for expenses that Plaintiff would have sustained had he been out of prison.[14]

On December 5, 2025, Plaintiff's counsel provided correspondence and an amended expert report to Defendants. Bradley's amended report stated that she was making no deductions for business expenses because the employment opportunities considered in her report "do not involve incurring business expenses, such as expenses one would incur by running their own business as opposed to working for another business as an employee or contractor."[15]

On December 11, 2025, Defendants filed the instant Renewed Motion to Exclude Expert Testimony of Brandy Bradley.[16] On December 11, 2025, Plaintiff filed an opposition to the motion.[17] On December 18, 2025, Defendants filed a reply brief in further support of the motion.[18]

---

[12] *Id.*

[13] Rec. Doc. 143.

[14] *Id.* at 15.

[15] Rec. Doc. 159-2 at 1.

[16] Rec. Doc. 159.

[17] Rec. Doc. 162.

[18] Rec. Doc. 169.

## II. Parties' Arguments

### A.      *Defendants' Arguments in Support of the Motion*

In the instant motion, Defendants argue that Bradley's testimony should be excluded in its entirety because Plaintiff has refused to comply with the Court's order requiring calculation and deduction of expenses.[19] Defendants point out that nothing in this Court's order suggested that Plaintiff was required to account for only "business expenses" that he would have incurred if he had not been in prison.[20] Defendants assert that Plaintiff should have requested reconsideration if he disagreed with the Court's ruling.[21] Nevertheless, Defendants contend there is not a compelling reason to reconsider the issue.[22] Defendants argue that wrongful conviction cases are distinguishable from physical injury cases where normal living expenses are not deducted.[23] Unlike a plaintiff who is unable to work due to a physical injury but will still incur normal living expenses, Defendants assert a plaintiff who is wrongfully convicted is relieved from paying most normal living expenses.[24]

### B.      *Plaintiff's Arguments in Opposition to the Motion*

Plaintiff contends that the Court's order did not require Bradley to deduct living expenses from the estimate of lost wages.[25] Plaintiff asserts that Bradley has no basis or specialized knowledge to estimate Plaintiff's living expenses, as it is not something she has done in her

---

[19] Rec. Doc. 159-1 at 5.

[20] *Id.* at 2.

[21] *Id.*

[22] *Id.* at 3.

[23] *Id.*

[24] *Id.* at 3–4.

[25] Rec. Doc. 162 at 1.

capacity as a vocational expert.[26] Because Bradley is not an accountant or economist, Plaintiff submits that opining about what living expenses Plaintiff might have incurred is beyond the scope of her expertise.[27] Plaintiff asserts that Bradley has the experience to opine on job-related expenses, which she did and found none.[28] Plaintiff cites numerous wrongful conviction cases from throughout the country in which there was no suggestion that it would be appropriate to deduct "living expenses" from lost earning capacity.[29]

## C.    *Defendants' Arguments in Further Support of the Motion*

In reply, Defendants contend that Plaintiff's opposition suggests he did not retain the correct experts.[30] If Bradley is unable to perform all of the required steps to calculate lost income, Defendants submit that does not mean she is excused from complying with the law—it means that her opinions are unreliable and should be excluded.[31] Defendants point out that Plaintiff has not cited a single decision of any court analyzing the question and deciding that avoided "living expenses" should not be deducted in a lost income calculation arising from wrongful conviction.[32] At best, Defendants contend Plaintiff cites two cases in which the question was not analyzed because it was not raised by the parties.[33] Therefore, Defendants assert Plaintiff has not offered

---

[26] *Id.* at 2.

[27] *Id.* at 4.

[28] *Id.*

[29] *Id.* at 3 (collecting cases).

[30] Rec. Doc. 169 at 2.

[31] *Id.*

[32] *Id.*

[33] *Id.*

any compelling reason for the Court to reconsider or modify the prior ruling and Bradley's testimony should be excluded in its entirety for her failure to comply with that ruling.[34]

### III. Law and Analysis

On December 1, 2025, the Court issued an Order denying Defendants' original motion to exclude Bradley's testimony.[35] However, the Court ordered that on or before December 5, 2025, Bradley shall amend the report to reduce the lost wages/benefits numbers to account for expenses that Plaintiff would have sustained had he been out of prison.[36] On December 5, 2025, Plaintiff's counsel provided correspondence and an amended expert report to Defendants. Bradley's amended report stated that she was making no deductions for business expenses because the employment opportunities considered in her report "do not involve incurring business expenses, such as expenses one would incur by running their own business as opposed to working for another business as an employee or contractor."[37]

Defendants now argue that Bradley's testimony should be excluded because she has failed to comply with that Order.[38] At issue in this motion is whether Bradley must deduct from her lost earnings calculation *living expenses* Plaintiff would have incurred had he not been incarcerated. The Court's December 1, 2025 Order was not clear on the type of expenses that Bradley should deduct. Upon further review of the available law, the Court finds that living expenses do not need to be deducted from the lost earnings calculation.

---

[34] *Id.* at 3.

[35] Rec. Doc. 143.

[36] *Id.* at 15.

[37] Rec. Doc. 159-2 at 1.

[38] Rec. Doc. 159.

42 U.S.C. § 1983 creates "'a species of tort liability' in favor of persons who are deprived of 'rights, privileges, or immunities secured' to them by the [United States] Constitution."[39] When a plaintiff seeks damages for violations of his constitutional rights, the level of damages is ordinarily determined according to principles derived from the common law of torts, as a matter of federal common law.[40] Damages in cases governed by common law tort principles are designed to provide, "compensation for the injury caused to plaintiff by defendant's breach of duty."[41] Black's Law Dictionary defines compensatory damages as "[d]amages sufficient in amount to indemnify the injured person for the loss suffered."[42] Compensatory damages may include not only out-of-pocket losses and other monetary harms, but also such common law tort injuries as "impairment of reputation . . ., personal humiliation, and mental anguish and suffering."[43]

While common law principles unequivocally provide that compensatory damages are available in Section 1983 cases, it does not delineate the scope of the damages available. This is because Section 1983 and the common law "do not contain every rule of decision required to adjudicate claims asserted under them."[44] Pursuant to 42 U.S.C. § 1988, courts should engage in a "three-step process to borrow an appropriate rule" when the applicable rule is not available.[45] First, courts look to the law of the United States "so far as such laws are suitable to carry the same

---

[39] *Memphis Cmty. School Dist. v. Stachura*, 477 U.S. 299, 305–06 (1986) (internal citations omitted).

[40] *See Smith v. Wade*, 461 U.S. 30, 34 (1983).

[41] *Carey v. Piphus*, 435 U.S. 247, 255 (1978).

[42] DAMAGES, Black's Law Dictionary (12th ed. 2024).

[43] *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350 (1974).

[44] *Burnett v. Grattan*, 468 U.S. 42, 47 (1984).

[45] *Id.*

into effect."[46] If such law is unavailable, courts then must move to the second step which requires considering the application of state "common law, as modified and changed by the constitution and statutes" of the forum state.[47] Finally, the third step requires the Court, should it find state law to be applicable, to consider whether applying state law would be "inconsistent with the Constitution and laws of the United States."[48]

Under common law, in personal injury cases, "[t]he general rule is that an injured plaintiff is entitled to the full amount of any lost earning capacity unreduced by personal living expenses."[49] This is because "the injured plaintiff will continue to incur such expenses during his work life expectancy and will be required to pay them from the proceeds of any award for lost earning capacity."[50] "Consequently, the policy of not deducting living expenses puts the plaintiff in the same economic position he would have occupied had he not been injured."[51] On the other hand, in wrongful death cases, living expenses are generally excluded because "any award for lost earning capacity relates to a period during which the decedent will not be alive and cannot possibly incur any living expenses."[52]

Neither party has identified, and the Court has been unable to locate, any caselaw directly addressing whether living expenses should be deducted from lost wages in wrongful conviction cases. Plaintiff has cited some authority where living expenses were not deducted from lost

---

[46] *Id.* at 48 (citing 42 U.S.C. § 1988).

[47] *Id.*

[48] *Id.*

[49] *Doe v. United States*. 737 F.Supp. 155, 164 (D.R.I. 1990).

[50] *Id.*

[51] *Id.*

[52] *Id.*

earnings of a wrongfully incarcerated plaintiff, although the issue of such a deduction does not appear to have been raised in those cases.[53] In the prior Order, the Court primarily relied on *Reeder v. Williams*, a decision by another judge in this District, holding that an accountant should have deducted "expenses that Reeder would have sustained had he been out of prison and working as an electrician."[54] Plaintiff suggests that *Reeder* should be read to mean business expenses, as Reeder was alleging he would have been self-employed as an electrician had he not been incarcerated. Defendants suggest that the district court was instructing the expert to deduct all living expenses. The language in *Reeder* is unclear on this point.

Since common law does not provide any direct guidance on this issue, the Court next looks to Louisiana law. There is a Louisiana statute providing for compensation in wrongful conviction and imprisonment cases. The statute provides that an award of compensation for wrongful conviction should not be reduced based on "expenses incurred by the state or any of its political subdivisions in connection with the arrest, prosecution, conviction, and imprisonment of the petitioner."[55] Although the statute does not apply to the Section 1983 claims in this lawsuit, it provides some guidance on this issue.

If Plaintiff had not been incarcerated, he would have unquestionably incurred living expenses. However, calculation of these living expenses appears to be outside the scope of Bradley's expertise. Calculating the living expenses Plaintiff would have incurred is also a highly speculative proposition as living expenses vary widely based on person and circumstance.

---

[53] *See, e.g., White v. McKinley*, 605 F.3d 525, 534–35 (8th Cir. 2010); *Burton v. City of New York*, 630 F. Supp. 3d 586, 590 (S.D.N.Y. 2022); *Wellner v. City of New York*, 393 F. Supp. 3d 388, 398 (S.D.N.Y. 2019) (collecting cases).

[54] *Reeder v. Williams*, No. CV 22-4614, 2025 WL 1142179, at *4 (E.D. La. Apr. 17, 2025).

[55] *See* La. Rev. Stat. § 15:572.8(H)(4).

Defendants have not cited any authority to support their argument that Bradley's testimony should be excluded because she fails to deduct these expenses. Therefore, the Court will not require Bradley to deduct living expenses from the lost earnings. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Renewed Motion to Exclude Expert Testimony of Brandy Bradley[56] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this  8th  day of January, 2026.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[56] Rec. Doc. 159.