UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAYMOND FLANKS** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 23-6897** |
| **CITY OF NEW ORLEANS, ET AL.** | **SECTION: "G"(4)** |

## ORDER AND REASONS

Before the Court is Plaintiff Raymond Flanks's ("Plaintiff") "Motion for Reconsideration."[1] Plaintiff seeks reconsideration of a prior Order[2] permitting Defendants to present evidence concerning "other robberies in the same neighborhood and timeframe as the murder of Mr. Carnesi" (the "Other Robberies").[3] Alternatively, Plaintiff seeks clarification of that Order in light of another Order[4] by the Court, that limited Defendants "to discussing Plaintiff's potential guilt in relation to whether a particular piece of evidence is exculpatory."[5] Defendant Jason Williams in his official capacity as Orleans Parish District Attorney ("OPDA") opposes the motion.[6] Having considered the motion for reconsideration, the memoranda in support and opposition, the record, and the applicable law, the Court grants the motion in part and denies it in part. The motion for reconsideration is granted to the extent that it seeks clarification of the Court's prior Orders.[7] The motion for reconsideration is denied in all other respects.

---

[1] Rec. Doc. 197.

[2] Rec. Doc. 188.

[3] Rec. Doc. 197-1 (citing Rec. Doc. 188 at 9).

[4] Rec. Doc. 176.

[5] *Id.* at 13.

[6] Rec. Doc. 206.

[7] Rec. Docs. 176, 188.

1

Plaintiff argues that allowing Defendants to present evidence that Plaintiff may have committed the Other Robberies bears "no legitimate relationship to the *Brady* issues" in this case.[8] Specifically, Plaintiff asserts evidence that Plaintiff may have committed the Other Robberies is irrelevant to the favorability and materiality prongs required in a *Brady* violation inquiry.[9]

OPDA concedes that "the materiality of allegedly suppressed favorable evidence must be considered in light of all the evidence presented at trial."[10] However, OPDA asserts that when the allegedly suppressed evidence, if used, "would have injected new issues into the trial and opened the door to new evidence that was otherwise inadmissible, any reasonable assessment of materiality also requires consideration of how the State would have responded and whether the defendant would have ultimately been left in a better position."[11]

To establish a *Brady* violation Plaintiff must prove that "(1) the prosecution suppressed evidence; (2) the evidence was favorable to the defendant because it was either exculpatory or impeaching; and (3) the evidence was material."[12] "Evidence is material if there is a reasonable probability that the result of the proceeding would have differed had the prosecution disclosed the evidence."[13]

It is Plaintiff who claims that the "NOPD records showing a string of similar crimes with a consistently prescribed perpetrator" constitutes *Brady* material that was not properly disclosed

---

[8] Rec. Doc. 197-1 at 4.

[9] *Id.* at 4–5.

[10] Rec. Doc. 206 at 2.

[11] *Id.*

[12] *U.S. v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006).

[13] *U.S. v. Barraza*, 655 F.3d 375, 380 (5th Cir. 2011).

to Plaintiff's criminal defense counsel.[14] Therefore, Plaintiff has signaled to the Court and OPDA that he intends to argue that had this evidence been disclosed it would have been favorable and material to his defense. The favorability and materiality of the allegedly suppressed evidence is considered in light of all of the evidence at trial.[15] Plaintiff asserts that the Fifth Circuit cases *U.S. v. Sipe*[16] and *U.S. v. Edwards*,[17] preclude OPDA from presenting evidence that it would have introduced in Plaintiff's criminal trial to rebut the allegedly suppressed evidence.[18] However, the Court does not find such a limitation in those cases or from any other authority.

In fact, in *Sipe* the Circuit court considered this exact argument, but reasoned that the government offered nothing other than "conclusory assertions to support its contention that the [allegedly suppressed evidence] would have led to the introduction of inculpatory evidence: [the court was] not provided with any description of this alleged evidence or told what form it might have taken."[19] The Fifth Circuit's reasoning in *Sipe* signals that had the government persuasively established that specific inculpatory evidence would have been introduced to rebut the allegedly suppressed evidence, that the Circuit court would have considered the rebuttal evidence in its *Brady* analysis.[20] Thus, both parties are limited to presenting the allegedly suppressed evidence, including the Other Robberies, in light of the evidence that was actually presented at the underlying

---

[14] Rec. Doc. 27 at 13.

[15] *Edwards*, 442 F.3d at 267 ("Specifically, we must determine whether the allegedly suppressed evidence, considered collectively and in light of all of the evidence at trial, could reasonably be taken to put the entire case in a different light so as to undermine [ ] confidence in the outcome of the trial.") (internal quotations omitted).

[16] 388 F.3d 471 (5th Cir. 2004).

[17] 442 F.3d at 258.

[18] Rec. Doc. 197-1 at 4.

[19] *Sipe*, 388 F.3d at 481–82.

[20] *Id.*

trial, and specific rebuttal evidence that OPDA can persuasively establish would have been introduced at the criminal trial.

Plaintiff may argue that the evidence of the Other Robberies would have been favorable and material to his defense. Inversely, OPDA may argue that the evidence of the Other Robberies would not have been favorable or material to Plaintiff's defense in light of the underlying trial record, and specific rebuttal evidence that OPDA can establish would have been introduced in the criminal trial. However, the Court acknowledges the potential for the parties to stray from relying solely on the underlying trial record, allegedly suppressed evidence, and rebuttal evidence OPDA can establish would have been presented, when discussing whether a piece of evidence constitutes a *Brady* violation. Even so, the parties are responsible for raising this issue during trial if the opposing party impermissibly relies on evidence outside of the trial record. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for Reconsideration"[21] is **GRANTED IN PART AND DENIED IN PART**. The motion is granted to the extent that is seeks the clarification of the Court's prior Orders,[22] which is provided above. The motion is denied in all other respects.

**NEW ORLEANS, LOUISIANA**, this  8th  day of January, 2026.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[21] Rec. Doc. 197.

[22] Rec. Docs. 176, 188.