UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAYMOND FLANKS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-6897** |
| **THE CITY OF NEW ORLEANS et al.** | **SECTION: "G"(4)** |

## ORDER AND REASONS

This litigation arises from Plaintiff Raymond Flanks's ("Plaintiff") wrongful conviction for first-degree murder in 1985. Plaintiff brings claims against Defendant Jason Williams, in his official capacity as Orleans Parish District Attorney.[1] Plaintiff alleges the Orleans Parish District Attorney's Office ("OPDA") secured his wrongful conviction in violation of his constitutional rights by withholding material exculpatory evidence in violation of OPDA's obligations under *Brady v. Maryland*.[2]

Before the Court is Defendant Jason Williams's ("Williams") Motion to Strike the Supplemental Expert Report of Laurie Levenson ("Levenson").[3] Levenson is a law professor who was retained by Plaintiff to testify about her evaluation of OPDA's *Brady* policies, practices, and customs. Williams contends that Levenson provided an untimely supplemental report on December 17, 2025, and Levenson's testimony should be limited to her original report.[4] Plaintiff

---

[1] *See* Rec. Doc. 27. All of the claims against the City of New Orleans, Anne Kirkpatrick, John Dillmann and John/Jane Does #1-20 have been dismissed by the Court on summary judgment or in Plaintiff's stipulation of dismissal. *See* Rec. Docs. 161, 175, 202.

[2] Rec. Doc. 27 at 4–5. *See Brady v. Maryland*, 373 U.S. 83 (1963).

[3] Rec. Doc. 193.

[4] *Id.*

1

opposes the motion.[5] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

On November 16, 2023, Plaintiff filed a Complaint against Defendants in this Court for alleged violations of his constitutional rights under 42 U.S.C. § 1983 and alleged violations of state law.[6] On June 4, 2024, Plaintiff filed an Amended Complaint.[7] This matter is set for trial on January 12, 2026. This case is related to Plaintiff's alleged wrongful conviction in May 1985 for the first-degree murder of Martin Carnesi.

In May 1985, a jury found Plaintiff guilty of first-degree murder in the death of Martin Carnesi, and Plaintiff was sentenced to life in prison.[8] Nearly 37 years later, on November 17, 2022, Plaintiff's first-degree murder conviction was vacated.[9] At the November 17, 2022 exoneration hearing, the "OPDA stated that 'the State agrees that Mr. Flank's [sic] conviction was obtained in violation of *Brady v. Maryland*' because 'the State failed to disclose … materials [that] are favorable, and under circumstances of the State's case against Mr. Flank[s], material.'"[10]

The Scheduling Order originally provided a deadline of July 28, 2025, for Plaintiff to disclose expert reports.[11] The Court subsequently continued the deadline to September 19, 2025,

---

[5] Rec. Doc. 201.

[6] Rec. Doc. 1.

[7] Rec. Doc. 27.

[8] Rec. Doc. 27 at 12–13.

[9] *Id.* at 14.

[10] *Id.*

[11] Rec. Doc. 43 at 3.

2

to allow more time for depositions to be taken before the expert reports were submitted.[12] On September 19, 2025, Plaintiff produced an expert report by Levenson. On October 29, 2025, Williams filed a Motion to Exclude Expert Testimony of Laurie Levenson.[13] That motion was fully briefed, and the Court issued a ruling on December 30, 2025.[14]

Trial was scheduled to begin on December 8, 2025. On December 2, 2025, the Court continued the trial date to January 12, 2026.[15] The Court also reopened discovery for the purpose of completing depositions by December 17, 2025.[16] On December 17, 2025, Plaintiff provided Williams with a 13-page supplemental report.[17]

On January 5, 2026, Williams filed the instant Motion to Strike the Supplemental Expert Report.[18] On January 7, 2026, Plaintiff filed an opposition to the motion.[19] On January 7, 2026, Williams filed a reply brief in further support of the motion.[20]

## II. Parties' Arguments

### A.   *Williams's Arguments in Support of the Motion*

Williams moves the Court to strike Levenson's supplemental report because it is untimely and unfairly prejudicial.[21] Williams contends there is no substantial justification for Levenson's

---

[12] Rec. Docs. 49, 54.

[13] Rec. Doc. 99.

[14] Rec. Doc. 180.

[15] Rec. Doc. 155.

[16] *Id.*

[17] Rec. Doc. 193-2.

[18] Rec. Doc. 193.

[19] Rec. Doc. 201.

[20] Rec. Doc. 205.

[21] Rec. Doc. 193-1 at 2.

untimely supplemental report.[22] To the extent that Plaintiff needed to complete certain depositions before Levenson could issue a complete report, Williams submits Plaintiff had more than an adequate opportunity to conduct those depositions before the expert report deadline.[23]

Even if a supplemental report to address "new" discovery were justified, Williams argues there is no justification for Levenson to delay the supplemental report until December 17, 2025.[24] Williams asserts that the late disclosure is not harmless, as the deadline for *Daubert* motions is long past and the Court has ruled on the original motion to exclude Levenson.[25] Williams contends he will not have an opportunity to challenge any of the new opinions stated in the supplemental report.[26] Therefore, Williams argues that the supplemental report must be stricken.[27]

### B.    *Plaintiff's Arguments in Opposition to Motion*

In opposition, Plaintiff contends that the supplemental report only addresses deposition testimony that was available after Levenson's initial report was due.[28] Plaintiff asserts that Williams filed a motion for a protective order in an attempt to avoid having to produce witnesses to testify pursuant to Federal Rule of Civil Procedure 30(b)(6).[29] Because OPDA's Rule 30(b)(6) testimony occurred only after the Court resolved the protective order dispute, Plaintiff submits that Levenson could not have addressed that testimony in her initial report and could not reasonably

---

[22] *Id.*

[23] *Id.*

[24] *Id.* at 3.

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] Rec. Doc. 201 at 2.

[29] *Id.*

supplement it until discovery was reopened.[30] Plaintiff points out that the Court reopened discovery when the December 8, 2025 trial date was continued.[31] Plaintiff contends that Williams's prejudice arguments lack merit, as the Court has already limited Levenson's testimony and those limitations naturally extend to the supplemental report.[32]

C.  *Williams's Arguments in Further Support of the Motion*

In the reply brief, Williams argues that the supplemental report relies heavily on the depositions of fact witnesses Jim Williams and Bruce Whittaker. Williams contends that Plaintiff could have deposed these witnesses sooner.[33] To the extent that Plaintiff believed that he was unable to submit a complete expert report due to the delay in taking the 30(b)(6) deposition, Williams submits that Plaintiff could have requested an extension of the expert report deadline.[34] Williams points out that the Court did not continue the expert report deadline when it reopened discovery in December.[35]

## III. Law and Analysis

Federal Rule of Civil Procedure 26(a)(2)(D) provides that a party must disclose the identities of testifying expert witnesses and their written reports at the times and in the sequence that the court orders. If a party fails to provide information required by Rule 26(a) he is not allowed to use that information at trial unless the failure was "substantially justified" or is "harmless."[36]

---

[30] *Id.*

[31] *Id.*

[32] *Id.* at 2–3.

[33] Rec. Doc. 205 at 1.

[34] *Id.* at 2.

[35] *Id.*

[36] Fed. R. Civ. Pro. 37(c)(1).

5

"The Fifth Circuit has provided four factors to analyze when determining whether a Rule 26 violation is substantially justified or harmless: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice."[37]

Also applicable is Rule 26(e)(2), which permits supplementation of an expert report, but "[a]ny additions or changes to [the] information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Under Rule 26(a)(3), "[w]hen the Scheduling Order is silent, supplemental reports are generally due 30-days pretrial."[38] The scheduling order in this case does not provide a deadline for supplemental reports.

The Court must determine the nature of Plaintiff's newly submitted expert reports:

> As a threshold issue, the Court must determine if Plaintiff's disclosures were supplemental or instead contain completely new information. If the disclosures were supplemental, then Rule 26's supplemental procedures will determine whether the disclosures are timely. If the disclosures were new, then they are governed by the discovery deadline in the Scheduling Order.[39]

Review of the updated expert report of Levenson confirms that this report is a true supplement. Levenson reviewed recent deposition testimony and discusses how that testimony impacts her prior opinions. Specifically, Levenson cites testimony supporting the opinion in her original report that OPDA's practices and customs lead to *Brady* violations because OPDA: (1) failed to disclose grand jury transcripts with impeaching and exculpatory information; (2) did not have a written *Brady* policy; (3) had insufficient training on *Brady* compliance for prosecutors; (4)

---

[37] *Logan v. Westfield Ins. Co.*, No. CV 17-29, 2020 WL 7007945, at *5 (W.D. La. Jan. 24, 2020) (quoting *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004)).

[38] *Aikens v. Cent. Oregon Truck Co., Inc.*, No. 4:20-CV-00567, 2021 WL 4312712, at *3 (E.D. Tex. Sept. 22, 2021).

[39] *Id.* at *2.

created a prosecutorial culture that discounted the importance of complying with *Brady*; and (5) failed to acknowledge its problems with *Brady* violations. All of these opinions were found in Levenson's original expert report, and the supplemental report merely cites deposition testimony that supports these opinions. Nevertheless, even though the report is a true supplement, it is still untimely because it was disclosed 26 days before trial, four days after the deadline set in Rule 26.

      Nevertheless, the Court finds that the late disclosure is harmless. In the supplemental report, Levenson merely reviewed recent deposition testimony and discusses portions of the testimony that relate to the opinions set forth in her original report. This is similar to the role an expert plays at trial. As the Fifth Circuit has observed:

> We perceive little, if any, reason for sequestering a witness who is to testify in an expert capacity only and not to the facts of the case. . . . Theoretically at least, the presence in the courtroom of an expert witness who does not testify to the facts of the case but rather gives his opinion based upon the testimony of others hardly seems suspect and in most cases will be beneficial, for he will be more likely to base his expert opinion on a more accurate understanding of the testimony as it evolves before the jury.[40]

Since Levenson will be permitted to remain in the courtroom to observe the trial testimony and offer an opinion based on the testimony as it evolves before the jury, the Court finds that the four-day delay in the supplemental disclosure, which merely supplements her opinion based on recent deposition testimony, is harmless.

      Accordingly,

---

[40] *Polythane Sys., Inc. v. Marina Ventures Int'l, Ltd.*, 993 F.2d 1201, 1209–10 (5th Cir. 1993) (quoting *Morvant v. Construction Aggregates Corp.*, 570 F.2d 626 (6th Cir. 1978)).

**IT IS HEREBY ORDERED** that Williams's Motion to Strike the Supplemental Expert Report of Laurie Levenson[41] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this  9th  day of January, 2026.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[41] Rec. Doc. 193.