UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAYMOND FLANKS** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 23-6897** |
| **CITY OF NEW ORLEANS, ET AL.** | **SECTION: "G"(4)** |

### ORDER AND REASONS

Pending before the Court is Plaintiff Raymond Flanks's ("Plaintiff") Motion for Partial Reconsideration[1] and a Motion to Expedite the Motion for Partial Reconsideration.[2] Plaintiff seeks partial reconsideration of a prior Order ruling on Plaintiff's Motion in Limine to Exclude Evidence of Third-Party Responsibility and Limit Opinion Testimony.[3] In the prior motion, Plaintiff sought to exclude Defendants from offering any evidence or argument that the actions of third parties contributed to cause his wrongful conviction.[4] The Court denied that portion of the motion for two reasons: (1) "evidence concerning the alleged fault of any other party who may have contributed to Plaintiff's conviction is relevant to [his] negligence claim," and (2) evidence of how Mr. Flanks' trial counsel "might have used certain evidence and the effect that might have had on the trial is relevant in assessing the materiality of the alleged Brady violation and whether suppression of the evidence proximately caused Plaintiff's conviction."[5] Plaintiff has now voluntarily dismissed his negligence claim.[6] He understands that the defense may present evidence regarding how the

---

[1] Rec. Doc. 210.

[2] Rec. Doc. 211.

[3] Rec. Doc. 186.

[4] Rec. Doc. 130-1 at 1–5.

[5] Rec. Doc. 186 at 8.

[6] Rec. Doc. 202.

1

criminal trial counsel could have used the suppressed evidence at trial to determine materiality. However, he asserts the Court should disallow any evidence, inference, or argument that any third party should be assigned liability or fault under Section 1983.

A motion for reconsideration is "'not the proper vehicle for rehashing evidence, legal theories, or arguments.'"[7] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[8] "It is well settled that [such motions] should not be used . . . to re-urge matters that have already been advanced by a party."[9]

There is nothing in the prior Order for the Court to reconsider. The comparative fault analysis discussed in the prior Order related to Plaintiff's now dismissed negligence claim. "Recovery for civil rights claims under 42 U.S.C. § 1983 are not subject to diminution resulting from comparative fault."[10] Nothing in the prior Order holds otherwise. As stated in the prior Order, the defense may present evidence regarding how the criminal trial counsel could have used the suppressed evidence at trial to determine materiality. Evidence, inference, or argument that any third party should be assigned liability or fault under Section 1983 was not contemplated in the prior Order and will not be allowed. There is no reason to reconsider the prior Order. Therefore, the instant motions are moot.

Accordingly,

---

[7] *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. CIV.A. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).

[8] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

[9] *Helena Labs. v. Alpha Scientific Corp.*, 483 F. Supp. 2d 538, 539 (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[10] *Henderson v. Turner*, No. CIV.A. 11-39, 2012 WL 3109481, at *2 (M.D. La. July 31, 2012). *See also Quezada v. Cnty. of Bernalillo*, 944 F.2d 710, 721 (10th Cir. 1991) ("[C]omparative negligence is not applied in suits for violations of federal constitutional rights under § 1983.") (overruled on other grounds); *Jones v. Cannizzaro*, No. CV 18-503, 2021 WL 217282, at *5 (E.D. La. Jan. 21, 2021).

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Reconsideration[11] and Motion to Expedite the Motion for Partial Reconsideration[12] are **MOOT**.

**NEW ORLEANS, LOUISIANA**, this 9th day of January, 2026.

                                            **NANNETTE JOLIVETTE BROWN**
                                            **UNITED STATES DISTRICT JUDGE**

---

[11] Rec. Doc. 210.

[12] Rec. Doc. 211.